UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:18-cv-02272-GPC (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 12, 15)** |

This Report and Recommendation is submitted to the Honorable Gonzalo P. Curiel, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On September 28, 2018, plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the

decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On July 7, 2014, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning May 17, 2013. (Certified Administrative Record ["AR"] 257-58.) After his claim was denied initially and upon reconsideration (AR 193-96, 200-05), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 206-07.) An administrative hearing was held on February 1, 2017. Plaintiff appeared at the hearing with counsel, and testimony was taken from him, a medical expert ("ME"), and a vocational expert ("VE"). (AR 102-65.)[1]

As reflected in his April 19, 2017 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset date of May 17, 2013 through the date of the decision. (AR 64-75.) The ALJ's decision became the final decision of the Commissioner on May 22, 2018, when the Appeals Council denied plaintiff's request for review. (AR 7-13.) This timely civil action followed.[2]

---

[1] At the outset of the administrative hearing, plaintiff's counsel advised that the medical record was not complete in that there were missing "psych records" from Kaiser. The ALJ responded that he would afford plaintiff an additional two weeks to submit the missing records. (*See* AR 105-06.) Plaintiff subsequently did submit additional medical records, including a psychological assessment and treatment notes from Dr. Martin Magy, a clinical psychologist (AR 1001-14), and some additional treatment records from Kaiser (AR 1015-84).

[2] On August 31, 2018, the Appeals Council granted plaintiff's request for a 30-day extension of time. (*See* AR 1.)

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520.[3] At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 17, 2013, his alleged onset date. (AR 66.)

At step two, the ALJ found that plaintiff had the following severe impairments: right shoulder impairments, anxiety disorder, and depressive disorder. (AR 66.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 67.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except as follows:

> "[He] can occasionally climb ramps or stairs. He can sit for four hours at one time. He can occasionally reach overhead with his dominant upper extremity. He can never crouch, crawl, or climb ladders, ropes, and scaffolds. [He] should avoid concentrated exposure to noise (a typical office environment is an example of an acceptable environment) and all exposure to hazards, such as moving machinery or unprotected heights. [He] is capable of frequently operating an automatic transmission vehicle. [He] is limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks, with standard industry work breaks every two hours." (AR 69.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC would be unable to perform plaintiff's past relevant work. (AR 73-74.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC

---

[3] Unless otherwise indicated, all references herein to the Commissioner's regulations are to the regulations in effect at the time of the ALJ's decision.

could perform the requirements of representative occupations that existed in significant numbers in the national economy (*i.e.*, information clerk, usher, and merchandise marker), the ALJ found that plaintiff was not disabled. (AR 74-75.)

**SOLE ISSUE IN DISPUTE**

Plaintiff contends that, without the support of a medical opinion, the ALJ's determination of plaintiff's mental RFC cannot be deemed based on substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered, and this special duty exists even when the claimant is represented by counsel. *See, e.g., Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014); *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)*; Brown*

*v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983). "The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The Court is mindful of authority for the proposition that an ALJ may satisfy this duty to develop the record by keeping the post-hearing record open for supplemental medical evidence. *See Tonapetyan*, 242 F.3d at 1150; *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998). Here, as noted above, the ALJ did keep the post-hearing record open so that plaintiff's counsel could submit the missing "psych records" he had referenced at the outset of the administrative hearing. (*See* AR 105-06.)

However, as also noted above, at step two of the sequential evaluation process, the ALJ proceeded to find, based on the medical evidence of record, that plaintiff *inter alia* had severe mental impairments (*i.e.,* anxiety disorder and depression). (*See* AR 66.) Under the Commissioner's regulations, an impairment is severe only if it **significantly** limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 405.1520(c) (emphasis added). Basic work activities are "abilities and aptitudes necessary to do most jobs," including mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *See* Social Security Ruling ("SSR") 85-28.[4]

Neither the post-hearing medical records nor any other medical evidence before the ALJ included an opinion regarding plaintiff's work-related limitations due to his severe mental impairments or an assessment of plaintiff's mental RFC. While the Commissioner is correct in asserting that, under the regulations, the ordering of a consultative examination

---

[4] Social Security Rulings are binding on ALJs. *See Terry v. Sullivan*, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

is discretionary (*see* 20 C.F.R. § 404.1517), the Court finds that the ALJ's failure to either follow up with plaintiff's mental health treating doctors or order a consultative examination in this instance (a) constituted a violation of the ALJ's special duty to fully and fairly develop the record, and (b) resulted in a decision that was not supported by substantial evidence, but rather was based on pure conjecture. *See, e.g.*, *Molina v. Berryhill*, 2018 WL 6421287, at *4 (E.D. Cal. Dec. 6, 2018) (holding that ALJ's RFC determination was not supported by substantial evidence when ALJ made her own evaluation of the functional limitations caused by the claimant's diagnosed impairments without further developing the record through a consultative examination); *Rivera v. Berryhill*, 2017 WL 5054656, at *4-*5 (C.D. Cal. Oct. 31, 2017) (holding that ALJ's RFC determination was not supported by substantial evidence where the treatment records did not provide sufficient indications of the claimant's functional limitations and no physician who had reviewed the medical records had provided an opinion regarding any functional limitations); *Hayes v. Colvin*, 2016 WL 11281409, at *5-*8 (S.D. Cal. Dec. 19, 2016) (holding that ALJ's RFC determination regarding the claimant's right knee impairment was not based on substantial evidence and that ALJ had failed to sufficiently develop the record where no physician had opined as to the claimant's functional limitations or his ability to perform sustained work), *Report and Recommendation Adopted by* 2017 WL 781580 (S.D. Cal. Mar. 1, 2017); *de Lopez v. Astrue*, 643 F. Supp. 2d 1178, 1184 (C.D. Cal. 2009) (holding that ALJ failed in his duty to fully and fairly develop the record where the administrative record did not contain any opinion by a treating or examining physician regarding the claimant's RFC).

## CONCLUSION AND RECOMMENDATION

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand for further proceedings is warranted where additional administrative proceedings could

remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court has found that the record has not been fully developed with respect to the functional limitations resulting from plaintiff's severe medically determinable mental impairments.

This Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See id.*

IT IS SO ORDERED.

Dated: June 11, 2019

_____
ROBERT N. BLOCK
United States Magistrate Judge