UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M., <br><br>                                  Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>                                  Defendant. | Case No.: 18-CV-2272-GPC-RNB <br><br> **ORDER** <br> **(1) GRANTING MOTION FOR ATTORNEY'S FEES** <br> **[ECF No. 24]** <br> **(2) DENYING AS MOOT JOINT REQUEST FOR DECISION ON THE PLEADINGS** <br> **[ECF No. 30]** |

Before the Court is Plaintiff Sean M.'s motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 24. Defendant Kilolo Kijakazi filed a response declining to take a position on the motion. ECF No. 27. Sean M. did file not any pro se response. Pursuant to Civil Local Rule 7.1.d, the Court finds the matter is appropriate for decision on the papers and hereby VACATES the hearing previously scheduled for August 11, 2023.

For the reasons set forth below, the Court **GRANTS** the motion for attorney's fees. The Parties' joint request for a decision on the pleadings is hereby DENIED AS MOOT.

## I.     BACKGROUND

On July 8, 2014, Sean M. filed an application for Social Security Disability benefits under Title II and Part A of Title XVIII of the Social Security Act alleging a disability date of May 17, 2013.[1] ECF No. 10-5 at 2.[2] His application was initially denied because the Social Security Administration determined he was not disabled. ECF No. 10-3 at 12, 26. Sean M. disagreed with the determination, and, represented by counsel, requested a hearing before an Administrative Law Judge ("ALJ"). ECF No. 10-4 at 15–16. The Social Security Administration granted his request, and held the hearing on February, 1, 2017. ECF No. 10-2 at 65. The ALJ concluded that Sean M. was not disabled for the relevant time period. *Id.*

On July 14, 2017, Sean M. entered into a new retainer agreement with the Law Offices of Lawrence D. Rohlfing, ("Counsel"). *See* ECF No. 24-2 (appointment of representative form). The agreement addressed contingency fees and provided that Counsel would receive 25% of Sean M.'s past-due benefits "awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration" as well as "for work before the court." *Id.*

Sean M. then sought review of the ALJ's decision by the Appeals Council, which was denied. *See* ECF No. 10-2 at 8. The ALJ's decision thus became "the final decision of the Commissioner of Social Security" in Sean M.'s case. *Id.* Sean M. filed a complaint with this Court for review of the final decision of the Commissioner of Social Security. ECF No. 1. He subsequently filed a motion for summary judgment. ECF No. 12. In June 2019, the Magistrate Judge assigned to the case issued a Report and Recommendation

---

[1] Sean M. later "amended the alleged onset date of disability to December 30, 2017." *See* ECF No. 24-3 at 4 (emphasis removed).

[2] Page numbers are based on CM/ECF pagination.

("R&R") recommending that the Court grant Sean M.'s motion for summary judgment. ECF No. 20.  In March 2020, the Court adopted the R&R, granting Sean M.'s motion for summary judgment and remanding the case for further administrative proceedings. ECF No. 21. In April 2020, pursuant to a joint motion, the Court awarded Sean M. $3,600 in attorney's fees under the Equal Access to Justice Act ("EAJA") and $400 in costs pursuant to 28 U.S.C. § 1920. ECF No. 23; *see* ECF No. 22 (joint motion).

On remand, the ALJ found Sean M. has been disabled within the meaning of the Social Security Act since December 30, 2017. ECF No. 24-3 at 7. On November 29, 2021, the Social Security Administration awarded Sean M. a back payment of $29,651.62, with $9,933.38 withheld in order to pay Sean M.'s representative, and $148.50 withheld for medical insurance, for a grand total of **$39,733.50** in past-due benefits.[3]  *See* ECF No. 24-4 at 2–3.  In June 2023, after Sean M. appealed the calculations of the November 2021 award with the help of counsel, the Social Security Administration found Sean M. was entitled to an additional lump sum of **$40,374.00** for past-due benefits.  *See* ECF No. 24-1 at 14 (declaration describing appeal); ECF No. 24-5 at 1 (corrected award).  Altogether, Sean M. was awarded **$80,107.50** in past-due benefits.

On June 30, 2023 Counsel filed the present Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 24.  Counsel reports that it has "expended 19.5 hours of attorney time and paralegal time in the representation of [Sean M.] in this matter through the entry of the order of remand."  ECF No. 24-1 at 14–15; *see* ECF No. 24-6

---

[3] Counsel calculated the past-due benefit award for November 2021 as $39,733.5**2**. ECF No. 24-1 at 14.  Counsel arrived at this total without explanation, *see* ECF No. 24-1 (absence); ECF No. 24-4 (lacking any dollar amount approaching $39,733), instead leaving the Court to calculate the total past-due award after closely reading the Notice of Award from the Social Security Administration, *see id.* at 2–3.  Counsel is cautioned that in the future it should clearly show its work to avoid having the Court plug in numbers without guidance.

(itemized hours). Counsel requests $10,000 in attorney's fees under the 25% contingency fee agreement. ECF No. 24-1 at 4. Counsel agrees that the $3,600 already awarded in attorney's fees under the EAJA should be reimbursed to Sean M. *Id.* Counsel reports that it has received $9,796 in administrative fees to date pursuant to 42 U.S.C. § 406(a). *Id.* at 15. The Commissioner has taken no position on Counsel's request. *See* ECF No. 27.

## II. LEGAL STANDARD

Section 406(b) under Title 42 of the United States Code allows the court, upon "entering judgment in favor of [a social security] claimant who was represented by an attorney," to "determine and allow as part of its judgment a reasonable fee for such representation" up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

District courts are generally "deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hern v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). However, courts must review contingency fee "arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must . . . 'look[] first to the contingent-fee agreement, then test[] it for reasonableness.' " *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Section "406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits." *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008).  Finally, any Section 406 fee award must be offset by any award of attorney's fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412 (EAJA).

## III.  DISCUSSION

The Court first looks to the contingency fee agreement.  Sean M. and Counsel entered a contingency fee agreement ("Agreement") under which the parties expressly agreed that "the fee for successful prosecution of this matter" would be "25% of the backpay awarded upon reversal of any unfavorable ALJ decision." ECF No. 24-2.  Counsel seeks an award of $10,000 in attorney's fees, amounting to less than 13% of the past-due benefits when viewed in isolation, *see* ECF No. 24-1 at 5 ($10,000 ÷ $80,107.50 = 12.5%), and less than 25% of the past-due benefits when aggregated with administrative fees Counsel has already received, *see id.* at 5, 14–15 (($9,796 + $10,000) ÷ $80,107.50 = 24.7%).  Counsel argues that "[a] fee of $10,000 is reasonable considering the services expended and results achieved."  Counsel argues that it "exercises billing discretion to limit the aggregate of all fees received to at most 25% of the past due benefits." *Id.* at 8.

Based on the terms of the Agreement, Counsel's apparent concession that regardless of the fees it has received so far it intends "to limit the aggregate of all fees received to at most 25% of past due benefits," ECF No. 24-1 at 8, the $9,796 in administrative fees Counsel has received to date, and the $80,107.50 in past-due benefits Sean M. has been awarded, the Court finds that Counsel is entitled to the requested $10,000 in additional fees under 42 U.S.C. § 406(b), subject to a reasonableness inquiry.

Upon careful review of the documents submitted and the applicable law, the Court finds that Counsel's fee request is reasonable.  Neither the character of the representation nor the results achieved warrant a reduction of the fee award. *See Gisbrecht v. Barnhart*,

535 U.S. 789, 808 (2002). Counsel secured a favorable disposition from this Court in under two years upon appealing the final decision of the Commissioner of Social Security, *see* ECF No. 1 (complaint); ECF No. 21 (summary judgment order), and successfully obtained a substantial benefit award for its client upon remand, which it then successfully appealed on the basis of miscalculations in the award amount, *see* ECF No. 24-3 at 7; ECF No. 24-5 at 1. Nothing in the record suggests that Counsel delayed the case or provided a substandard performance. Counsel is correct that it assumed a substantial risk of not recovering any fees when it agreed to represent Sean M. on a contingency basis. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) ("[Counsel] assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful."). The procedural history suggests that this case was not guaranteed to have a favorable result for Sean M., and the risk of loss was substantial. The Court agrees with Counsel that Counsel's experience and expertise in Social Security law helped facilitate a favorable outcome for Sean M. and with fewer hours billed.

Moreover, Counsel's effective hourly rate—approximately $512.82 per hour for the 19.50 hours spent on the case—falls within the range of what other courts in this Circuit have found to be reasonable in similar social security cases. *See, e.g.*, *Crawford*, 586 F.3d at 1145-46, 1153 (approving de facto hourly rates of $519, $875, and $902 in 2009) *Reddick v. Berryhill*, 16-CV-29-BTM-BLM, 2019 WL 1112080, at *2–3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving de facto hourly rate of $1,080.26 for 21.6 hours of work). Counsel has also submitted a billing statement detailing the work performed on Sean M.'s case and the Court finds the number of hours expended by Counsel was reasonable. *See* ECF No. 24-6.

Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award. The Court concludes that Counsel's request for attorney's fees is reasonable and does not constitute an unfair "windfall" to Counsel. *See Gisbrecht*, 535 U.S. at 808. Accordingly,

considering the quality of Counsel's representation, the results achieved, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the fees sought pursuant to Section 406(b) are reasonable.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b). The Court AWARDS Counsel attorney's fees in the amount of $10,000. Furthermore, the Court ORDERS that Counsel reimburse Plaintiff Sean M. the amount of $3,600 for EAJA fees previously awarded by this Court.

**IT IS SO ORDERED.**

Dated:  August 7, 2023

Hon. Gonzalo P. Curiel
United States District Judge